Jo Ann K. Dobransky - 3149
ARLEO & DONOHUE, L.L.C.
622 Eagle Rock Avenue
West Orange, New Jersey 07052
Tel: (973) 736-8660  Fax (973) 736-1712
Attorneys for Defendant
Certain Underwriters at Lloyd's, London
Subscribing to Policy No. ME100504

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CMGK, LLC d/b/a MASSAGE ENVY, a New Jersey Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER ME100504 and DOES 1-100,<br><br>Defendants. | Civil Action No. 1:21-cv-02289 (JHR)(KMW)<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANT CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. ME100504** |

Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy No. ME100504 ("Underwriters"), by and through its attorneys, Arleo & Donohue, LLC, by way of Answer to the Complaint filed by CMGK, LLC d/b/a Massage Envy, a New Jersey Limited Liability Company ("Plaintiff") states as follows:

**NATURE OF THE ACTION**

1. Underwriters denies the allegations contained in Paragraph 1 of the Complaint.

2. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and leaves Plaintiff to its proofs.

3. Underwriters admits the allegations contained in Paragraph 3 of the Complaint.

4. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves. The balance of Paragraph 4 states a legal conclusion to which Underwriters is not required to respond.

5. Underwriters denies the allegations contained in Paragraph 5 of the Complaint.

6. Underwriters denies the allegations contained in Paragraph 6 of the Complaint.

7. Underwriters denies that it consented to the jurisdiction of the Superior Court of New Jersey, Atlantic County.

**JURSDICTION AND VENUE**

8. Underwriters denies that the Superior Court of New Jersey, Atlantic County has jurisdiction over Underwriters.

9. Underwriters denies that the Superior Court of New Jersey, Atlantic County has jurisdiction over Underwriters.

10. Underwriters denies the allegations contained in Paragraph 10 of the Complaint.

**FACTS COMMON TO ALL COUNTS**

11. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

12. Underwriters admits the allegations contained in Paragraph 12 of the Complaint.

13. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

14. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

15. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

16. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

17. Underwriters admits the allegations contained in Paragraph 17 of the Complaint.

18. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

19. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

20. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

21. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

22. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

23. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

24. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and leaves Plaintiff to its proofs.

25. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and leaves Plaintiff to its proofs.

26. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and leaves Plaintiff to its proofs.

27. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and leaves Plaintiff to its proofs.

28. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and leaves Plaintiff to its proofs.

29. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and leaves Plaintiff to its proofs.

30. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and leaves Plaintiff to its proofs.

31. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and leaves Plaintiff to its proofs.

32. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and leaves Plaintiff to its proofs.

33. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and leaves Plaintiff to its proofs.

34. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and leaves Plaintiff to its proofs.

35. Underwriters admits that a claim was submitted to Underwriters on September 5, 2018.

36. Underwriters denies the allegations contained in Paragraph 36 of the Complaint.

37. Underwriters denies the allegations contained in Paragraph 37 of the Complaint.

38. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and leaves Plaintiff to its proofs.

39. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and leaves Plaintiff to its proofs.

40. Underwriters is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and leaves Plaintiff to its proofs.

41. Underwriters denies the allegations contained in Paragraph 41 of the Complaint.

42. Underwriters admits that it forwarded to Plaintiff the letter referenced as Exhibit C to Plaintiff's Complaint, the terms of which speak for themselves.

43. Underwriters admits the allegations contained in Paragraph 43 of the Complaint.

44. Underwriters denies the allegations contained in Paragraph 44 of the Complaint.

45. Underwriters denies the allegations contained in Paragraph 45 of the Complaint.

46. Underwriters denies the allegations contained in Paragraph 46 of the Complaint.

47. Underwriters denies the allegations contained in Paragraph 47 of the Complaint.

## **COUNT I**

48. Underwriters repeats and re-alleges each and every response to Paragraphs 1-47 of the Complaint as if fully set forth herein.

49. Underwriters submits that Paragraph 49 of the Complaint contains legal conclusions to which no response is required.

50. Underwriters submits that Paragraph 50 of the Complaint contains legal conclusions to which no response is required.

51. Underwriters denies the allegations contained in Paragraph 51 of the Complaint.

52. Underwriters submits that the provisions of the policy are contained in the document attached as an Exhibit to Plaintiff's Complaint, the terms of which speak for themselves.

53. Underwriters denies the allegations contained in Paragraph 53 of the Complaint.

54. Underwriters denies the allegations contained in Paragraph 54 of the Complaint.

55. Underwriters denies the allegations contained in Paragraph 55 of the Complaint.

56. Underwriters denies the allegations contained in Paragraph 56 of the Complaint.

57. Underwriters denies the allegations contained in Paragraph 57 of the Complaint.

## **COUNT II**

58. Underwriters repeats and re-alleges each and every response to Paragraphs 1-57 of the Complaint as if fully set forth herein.

59. Underwriters submits that Paragraph 59 of the Complaint contains legal conclusions to which no response is required.

60. Underwriters denies the allegations contained in Paragraph 60 of the Complaint.

61. Underwriters denies the allegations contained in Paragraph 61 of the Complaint.

62. Underwriters denies the allegations contained in Paragraph 62 of the Complaint.

63. Underwriters denies the allegations contained in Paragraph 63 of the Complaint.

64. Underwriters denies the allegations contained in Paragraph 64 of the Complaint.

**WHEREFORE**, Underwriters demands judgment as follows:

(a)   declaring and adjudicating that there is no coverage for any and all claims set forth in the Complaint;

(b)   declaring and adjudicating that Underwriters has no duty to defend or indemnify any of the parties seeking coverage under the policies for the underlying litigation matters;

(c)   declaring and adjudicating that there is no duty to reimburse Plaintiffs;

(d)   dismissing the Complaint with prejudice;

(e)  granting attorneys' fees, costs of suit and such other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Insurance Policy No.: ME100504, issued by Underwriters for the policy period of March 9, 2018 through March 9, 2019 provides as follows:

**Specified Medical Professions Professional Liability Insurance Policy**

THIS IS A CLAIMS MADE AND REPORTED POLICY, PLEASE READ IT CAREFULLY.

Coverage applies only to a **Claim** first made against the Insured and reported during the Policy Period, or if applicable, during the Extended Reporting Period. **Claim Expenses** and **Damages** shall reduce and may exhaust the applicable Limit of Liability and shall be subject to the Deductible.

\*     \*     \*     \*     \*

**INSURING AGREEMENT**

The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 6. of the Declarations, which the Insured shall become legally obligated to pay as **Damages** as a result of **Claims** first made against the Insured during the **Policy Period** or during the Extended Reporting Period, if exercised, for **Professional Personal Injury** by reason of any act, error or omission in **Professional Services** rendered or that should have been rendered by the Insured or by any person for those acts, errors or omissions the Insured is legally responsible, and arising out of the conduct of the Insured's **Professional Services** provided:

\*     \*     \*     \*     \*

B.  prior to the effective date of this policy the Insured had no knowledge of such act, error or omission or any fact, circumstance, situation or incident which may result in a Claim under this policy; and

\*     \*     \*     \*     \*

8

**DEFINITIONS**

\* \* \* \* \*

B. **Claim** means a demand received by the Insured for monetary damages or services and shall include the service of suit or institution of arbitration proceedings against the Insured.

C. **Claim Expenses** means reasonable and necessary amounts incurred by the Company or by the Insured with the prior written consent of the Company in the defense of that portion of any Claim for which coverage is afforded under this policy, including costs of investigation, court costs, costs of bonds to release attachments and similar bonds, but without any obligation of the Company to apply for or furnish any such bonds, and costs of appeals; provided, however, Claim Expenses shall not include: (1) salary, wages, overhead, or benefit expenses of or associated with employees or officials of the Named Insured or employees or officials of the Company; or (2) salary, wages, administration, overhead, benefit expenses, or charges of any kind attributable to any in-house counsel or captive out-of-house counsel for the Named Insured or the Company.

D. **Damages** means the monetary portion of any judgment, award or settlement; provided, however, Damages shall not include: (1) punitive or exemplary damages or multiplied portions of damages in excess of actual damages, including trebling of damages; (2) taxes, criminal or civil fines, or penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return of or restitution of fees, profits or charges for services rendered.

E. Professional Personal Injury means:

1. any bodily injury, mental injury, sickness, disease, emotional distress or mental anguish, including death resulting therefrom of any patient, person or resident of a healthcare facility receiving **Professional Services**;

2. false arrest, detention or imprisonment, or malicious prosecution except when inflicted by, at the direction of, or with the consent or acquiescence of the Insured who has predetermined to commit such act, or allowed such act to have been committed, without legal justification; or

\* \* \* \* \*

9

F. **Professional Services** means those services described in Item 4. of the Declarations ["Massage Therapy & Aesthetics Services"].

G. **Policy Period** means the period from the inception date of this policy to the policy expiration date as stated in Item 3. of the Declarations, or its earlier cancellation or termination date.

\* \* \* \* \*

The Sexual Acts Liability Endorsement adds the following:

# SPECIFIED MEDICAL PROFESSIONAL LIABILITY ENDORSEMENT

## SEXUAL ACTS LIABILITY

\* \* \* \* \*

1. Section Insuring Agreement is amended by the addition of the following:

   **Sexual Acts Liability**: The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 6. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, for Sexual Injury arising out of any Sexual Act perpetrated or alleged to have been perpetrated by the Insured or by any person for whose actions the Insured is legally responsible, or for allegations that the Insured was negligent in hiring, training or supervising any Insured person who perpetrated or is alleged to have perpetrated a Sexual Act resulting in Sexual Injury provided:

   \* \* \* \* \*

   C. prior to the effective date of this policy the Insured had no knowledge of such Sexual Act or any fact, circumstance, situation or incident involving such Sexual Act which may result in a Claim under this policy; and

   \* \* \* \* \*

2. Section Definitions is amended by the addition of the following:

   **Sexual Act** means sexual abuse, sexual molestation or sexual exploitation arising out of the conduct of the Insured's Professional Services.

   **Sexual Injury** means bodily injury, sickness, disease, unlawful detention, false imprisonment, humiliation, emotional distress,

10

> mental anguish, sexual dysfunction, invasion of right of privacy, assault or battery, solely when arising out of a Sexual Act.

* * * * *

In addition, the policy contains the following provision:

### **THE EXCLUSIONS**

This policy does not apply to:

A. Any claim based upon or arising out of any dishonest, fraudulent, criminal, malicious or knowingly wrongful acts, errors or omissions intentionally committed by or at the direction of an Insured.

Pursuant to these policy provisions, there is no coverage for Plaintiff for the claims set forth in the underlying litigation matters for the following reasons:

1. Plaintiff had knowledge of the sexual act and/or sexual act claim in the underlying litigation matter prior to the policy inception date and, therefore, the matters fall outside the scope of the policy's Sexual Acts Liability Endorsement, pursuant to its express terms.

2. Pursuant to Exclusion A, the policy does not provide coverage for claims based upon fraudulent, criminal or knowingly wrongful acts intentionally committed by or at the direction of the insured, therefore, the causes of action asserted in the underlying litigation matters alleging (1) violation of the New Jersey Consumer Fraud Act; (2) fraudulent concealment; and/or (3) civil conspiracy fall outside the scope of the policy.

3. Pursuant to Exclusion I.2, the policy does not provide coverage for claims in which a manager, supervisor, officer, director, trustee or partner of the Insured knew or should have known that the individual who allegedly committed the sexual act had a prior history of sexual misconduct.

## SECOND AFFIRMATIVE DEFENSE

There is no coverage for the claims set forth in the underlying litigation matters for the reasons set forth in the Notice of Denial and Disclaimer of Coverage letters dated October 23, 2018 and December 27, 2018.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Underwriters for which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part by virtue of the Statute of Limitations and the doctrines of estoppel, laches, waiver, unclean hands and/or release.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, endorsements and exclusions of Policy No. ME100504, and by application of law and principles of equity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the amount sought as damages in the underlying actions do not constitute a Loss, as defined in Policy No. ME100504 and the accompanying endorsements.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any damages sought are uninsurable as a matter of law and/or public policy including, but not limited to, claims for punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks damages to which they are not legally entitled or for which insurance coverage violates public policy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they failed to mitigate any damages they have sustained as a result of the matters alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy conditions precedent to coverage under Policy No. ME100504.

### ELEVENTH AFFIRMATIVE DEFENSE

Underwriters did not breach any duties allegedly owed to Plaintiff and/or any other party, including, but not limited to, any duties under common law, statute, contract, regulations, or otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon any material omission, material misrepresentation and/or false representation by Plaintiff and relied upon by Underwriters in the issuance of the Policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Underwriters reserves the right to amend its Answer to assert additional defenses as may be revealed by ongoing investigation and discovery.

### COUNTERCLAIM

Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. ME100504, by way of counterclaim against Plaintiff, hereby alleges as follows:

1. There is no coverage for Plaintiff for any and all claims set forth in the underlying litigation matters for the reasons set forth in this Answer, Affirmative Defenses and Notice of Denial and Disclaimer Letters dated October 23, 2018 and December 27, 2018.

**WHEREFORE**, Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. ME100504 demand judgment declaring:

1. There is no coverage for Plaintiff under the Policy No. ME100504 issued by Underwriters.

2. Underwriters has no duty or obligation to defend or indemnify Plaintiffs for the claims asserted in the underlying litigation matters; and

3. Dismissing Plaintiff's Complaint with prejudice and awarding attorneys' fees, costs and disbursements as allowed by law and any further relief as the Court may be deemed and just.

## JURY DEMAND

Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. ME100504 hereby demands a jury trial on all issued triable as a right by a jury.

## CERTIFICATION PURSUANT TO L.R. 11.2

The matter in controversy in the present action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. The undersigned, as counsel for the Answering Defendant, hereby certifies under penalty of perjury that the foregoing is true and correct.

> ARLEO & DONOHUE, LLC.
> Attorneys for Defendant,
> Certain Underwriters at Lloyd's, London
> Subscribing to Policy No. ME100504
>
> By:  */s/ Jo Ann K. Dobranksy*
>      Jo Ann K. Dobransky (3149)

Dated:  February 17, 2017